BOWEN, ADMR., *v.* KOLLAR ET AL.

*Wills—Construction—Bequest to old men's homes—Not available to homes for both sexes—Lapsed legacies.*

A bequest to the "Old Folks Homes for men in the City of Kansas City, Missouri, to be divided equally among said homes for men" is limited to such institutions as provide homes for old men, exclusively, and can not be claimed by charities which furnish homes for both sexes indiscriminately.

(Decided May 28, 1923.)

APPEAL: Court of Appeals for Williams county.

*Mr. A. L. Gebhard* and *Mr. J. D. Hill,* for plaintiff.

*Mr. William T. Johnson; Mr. Francis C. Downey; Mr. Denis J. Downey; Messrs. Seehorn, Barnes & Schwartz; Mr. Wash. Adams; Mr. J. S. Driscoll; Messrs. Achtenberg & Rosenberg; Messrs. Haff,*

*Meservey, German & Michaels; Mr. Roy B. Thomson; Messrs. Warner, Dean, Langworthy, Johnson & Border; Messrs. McCune, Caldwell & Downing; Mr. Omar E. Robinson; Messrs. Miller, Camack, Winger & Reeder; Mr. Dwight M. Smith; Mr. R. D. Groves; Mr. Albert E. Stoll; Mr. Thomas J. Seehorn; Mr. Lynn Webb; Mr. L. Greenbaum; Mr. William H. Shinn,* and *Mr. Howe H. DeMuth,* for various defendants.

RICHARDS, J. This action is brought for the purpose of obtaining a construction of the will of George Kollar, deceased. His will was executed on June 25, 1917, he died May 6, 1921, and the will was duly probated.

The second item of the will is the one chiefly in controversy, and it reads as follows:

"Second. I give and bequeath unto the Old Folks Homes for men in the City of Kansas City, Missouri, to be divided equally among said homes for men, share and share alike, all of the bonds which I own and possess at the time of my decease, issued by said City of Kansas City, Missouri, or by any school district or other district therein."

By the third item of the will the testator bequeathed to a sister and two nephews $500 each, and to a brother $50.

By the fourth item of the will he devised and bequeathed to his other brother, Hiram Kollar, all the remainer of his property, real and personal. Hiram Kollar, who was the residuary legatee, died about a month prior to the testator, leaving no widow or children.

After his appointment as administrator with the will annexed, O. H. Bowen made an investigation

at Kansas City, Missouri, and ascertained that there was not in that city either at the time of the execution of the will, at the time of the death of the testator, or at the time of the investigation, any charity known by the name of Old Folks Home for Men, and no charity located in that city devoted exclusively to providing a home for old men. The investigation, however, developed the existence of a number of charities which are claimants of the bequest provided in the second item of the will. All charities located in Kansas City, Missouri, which could have or claim to have any possible interest in the fund have been made parties defendant, some of them have filed answers, and a few of them have introduced evidence bearing on the question of whether they are qualified and entitled to receive the fund, or a portion thereof.

One of the claimants is known as Kansas City Home for the Aged. The capacity of this home is limited to 14 or 15 people, and it receives and provides a home for both men and women, the present number of guests being 1 man and 6 women.

Another of the defendants making claim to the fund is the Armour Memorial Home for Aged Couples. This association, while primarily intended for aged couples, also receives single men, and has as guests at the present time 22 men and 13 women.

Another institution which has answered is known as the Thomas H. Swope settlement. This organization does not maintain any home for aged men, but is rather devoted to the purpose of a neighborhood settlement.

The Michael Appelman Home is conducted by the Moshav Zkeinim Home for the Aged Society, which is a Jewish organization that has maintained and conducted a home for aged people of both sexes since 1918. It has as guests in this home 4 men and 10 women, and, while not specifically limited to Jews, the inmates have all been Jews and the dietary laws of the orthodox Jewish faith are observed.

The Helping Hand Institute, another defendant, maintains a lodging apartment with sleeping accommodations for 475 men, has a capacity for feeding about 500 men, and its charity is bestowed indiscriminately upon both old and young men, it appearing that during the past year it has cared for 430 men over 50 years of age and about 5,000 men under that age, assistance being given to all men who are in need, regardless of their age. This institution does not maintain a home for men, and those for whom it does care are transients.

Another claimant is known as the Home of Little Sisters of the Poor, which is a Catholic organization. During the year 1921 this charity maintained 152 men and 62 women, and the home is administered for the indiscriminate use of people of both sexes.

The Kansas City Association for the Blind is a claimant, but this charity conducts a home for blind women and does not provide any home for men, blind or otherwise, although it employs about 35 blind men.

The Kansas City Provident Association was organized to look after the interests of the poor of Kansas City, Missouri, and to aid them in securing

employment, when expedient, and to furnish them such other assistance as may be deemed judicious, but it does not appear that it provides any home.

The testator, George Kollar, was blind at the time of making his will, and had been blind for a number of years. He had been making his home in this county with his sister, who is one of the defendants, and for a number of years prior to making his home with his sister had lived with his wife in Montpelier in this county. In his early life he had lived in the west, and had at various times visited in Kansas City where a sister-in-law lived. His visits to Kansas City appear to have been very infrequent, and it is probable that he had visited that city only once in the last 10 or 15 years of his life.

He left, at his decease, no children surviving him, but he left one brother and a sister, and two nephews, sons of a deceased sister. He had been married, but was divorced from his wife about three years prior to the time his will was executed, the grounds of the divorce being adultery committed by her. At the time of his decease he owned bonds of the par value of $30,000, issued by the city of Kansas City, Missouri, or by a school district therein, and this fund is the property embraced in the second item of the will.

It is contended on behalf of the charitable institutions that this should be divided equally among those charities which furnish a home for old men, while the heirs contend that the second item of the will must be construed as intended only to be for the benefit of Old Folks Homes for men in Kansas City, and that this description or

designation embraces only such homes as are provided for men, exclusively.

Much learning has been expended in the preparation of briefs, and able arguments have been made as to the proper interpretation to be given to this item of the will. This court is of opinion that the adjudicated cases on the proper interpretation to be given to this language or similar language furnish little assistance. It is proper to look not only to the language of the will, but to the facts surrounding the testator, with which he was familiar at the time of executing the will. The testator was utterly unfamiliar with any of the charities being maintained in Kansas City, Missouri. The fact that he had been divorced from his wife by reason of her adultery may have accounted for the language in the will, that the bequest was to be limited to men, as is therein provided. As we construe this item the testator intended that his property, described in that item of the will, should be for such Old Folks Homes in Kansas City as provide homes exclusively for men. It is apparent that he did not intend that any of his property should go for the maintenance of any persons except old men, and it does not appear that any of the charities which are making claim for this fund have any provision for separation of the funds which they control, so that a portion has been or may be used for the benefit of women exclusively, and another portion for the benefit of men exclusively.

In view of the situation surrounding the testator and the language used in this item of the will it appears to the court that he used the expression "Old Folks Homes for Men" as desig-

nating places or homes which are devoted exclusively to providing homes for old men in Kansas City, Missouri. Placing as we do, that construction on the will, it follows under the facts found that no one of the claimants is qualified and no one of them is entitled to receive any portion of the fund attempted to be bequeathed by item 2 of the will, and the bequest must therefore fail for want of a legatee. to take.

The fund undertaken to be bequeathed in that item of the will must be distributed to the heirs at law as intestate property.

*Decree accordingly.*

CHITTENDEN and KINKADE, JJ., concur.